UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-89-RLV
(5:03-cr-12-RLV-CH-5)

| | |
|---|---|
| COREY ANTOINE TABOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

**I.    BACKGROUND**

Petitioner was indicted by the Grand Jury for the Western District of North Carolina on February 25, 2003, and charged, along with eleven others, with conspiracy to possess with intent to distribute at least five kilograms of cocaine and at least 50 grams of cocaine base, in violation of 21 U.S.C. § 846; and one count of possessing with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841. (Crim. Case No. 5:03-cr-12-RLV-CH-5: Doc. No. 3: Sealed Indictment). Several months later, Petitioner entered into a plea agreement with the Government, in which he agreed to plead guilty to the conspiracy charge, and the Government agreed to dismiss the remaining § 841 count. See (Id., Doc. No. 149: Plea Agreement). The Court ultimately sentenced Petitioner to 292 months of imprisonment and issued the judgment on

1

April 15, 2009. (Id., Doc. No. 389: Judgment). Petitioner did not appeal.

More than three years later, on November 12, 2012, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255, seeking relief from his designation as a career offender in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). (Id., Doc. No. 508: Civil No. 5:12cv172-RLV (W.D.N.C.)). On October 30, 2013, this Court denied and dismissed the motion to vacate as untimely. (Id., Doc. No. 546). Petitioner filed the instant motion to vacate on May 30, 2017, placing the petition in the prison mailing system on May 26, 2017.[1] In his pending motion, Petitioner contends that he is entitled to sentencing relief in light of Mathis v. United States, 136 S. Ct. 2243 (2016).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner filed the instant motion to vacate on May 30, 2017, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 5:03-cr-12-RLV-CH-5. As noted, Petitioner filed a previous motion to vacate the same conviction and sentence, and this Court denied the motion to vacate as time-barred. Thus, this is a successive petition. Pursuant to 28

---

[1] Petitioner did not sign the petition under penalty of perjury.

U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner has not shown that he has obtained the permission of the Fourth Circuit Court of Appeals to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must

3

establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 6, 2017

Richard L. Voorhees
United States District Judge