# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:03-CR-00012-KDB

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COREY ANTOINE TABOR,<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant's motion for compassionate release based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020, and 34 U.S.C. § 60541(g). (Doc. No. 614).

Section 603(b) of the First Step Act amended Section 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of the Bureau of Prisons (BOP). Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on the inmate's behalf; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier. Here, Defendant cannot obtain relief from this Court when he has not first sought it through the warden at his facility. He has not alleged, nor has he included any documentation, showing that he has requested any such relief from the BOP. Therefore, this Court is without authority to consider the merits of his claim. *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (denying motion for compassionate release based on COVID-19 where the defendant did not first seek relief from the BOP).

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat. 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. *See United States v. Caudle*, 740 F. App'x 364, 365 (4th Cir. 2018) (stating that the district court lacks authority to govern designation of prisoners under Section 3624(c)(2)).

Defendant also cites to 34 U.S.C. § 60541(g) as a basis for relief. Section 603(a) of the First Step Act reauthorized and amended Section 60541(g), which allows for the transfer of elderly and terminally ill inmates to home detention under certain circumstances. The discretion to release a prisoner to home confinement, however, lies solely with the Attorney General. *See* 34 U.S.C. § 60541(g)(1)(A) ("[T[he Attorney General may release some or all eligible elderly offenders . . . to home detention . . . ."); *United States v. Evans,* 159 F.3d 908, 912 (4th Cir. 1998) (authority to designate place of confinement vested in BOP). Thus, 34 U.S.C. § 60541(g) does not provide the Court with the authority to grant Defendant with the relief he requests.

**IT IS THEREFORE ORDERED** that Defendant's motion for compassionate release, (Doc. No. 614), is **DENIED** without prejudice.

The Clerk is directed to certify copies of this Order to Defendant, the Federal Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

**SO ORDERED.**

Signed: May 5, 2020

*/s/ Kenneth D. Bell*
Kenneth D. Bell
United States District Judge